ĆALEB STETSON vs. BENJAMIN R. GULLIVER & another.

The assignee of an insolvent debtor, who has made an absolute conveyance of land, and received from the grantee an instrument of defeasance, stands upon the same footing with such debtor, as to the exception in the Rev. Sts. c. 59, § 27, relating to the recording of instruments of defeasance.

Where an instrument of defeasance had been recorded in the registry of deeds, without having been previously acknowledged by the party making the same, a copy thereof from the registry was admitted in evidence against the party in whose favor it was made, he having been first called upon, and neglecting to produce the original; not because such instrument had been recorded, but because secondary evidence of its existence and contents was admissible; and it was held to be no objection to the admission of such copy, that it was in fact but the copy of a copy.

In a writ of entry to foreclose a mortgage, the demandant having introduced in evidence an absolute deed to himself of the demanded premises, and having given evidence of the existence and contents of a bond to reconvey the same to the grantor upon certain conditions therein mentioned, the tenant thereupon produced and offered in evidence a second bond of defeasance relating to the same premises, but of a subsequent date, and upon different conditions : It was held, that the existence of such second instrument was not of itself proof that the first had been cancelled by the agreement of the parties, with the intent to render the deed to which it related an absolute conveyance.

THIS was a real action brought by the plaintiff, as the assignee of Robert M'Connell, an insolvent debtor, to recover possession of three several tracts of land described in the writ.

In the progress of the trial, which was before *Bigelow*, J., in the court of common pleas, the plaintiff having proved his appointment as assignee of M'Connell, introduced in evidence a deed from Gulliver, one of the defendants, to M'Connell, the insolvent, conveying to the latter in fee simple the premises demanded in this action.

The plaintiff then offered in evidence a paper, purporting to be a registry copy of a deed of defeasance, or bond to reconvey the same premises, from M'Connell to Gulliver, on certain conditions therein named, and bearing the same date with the deed above mentioned. The defendant (admitting that he had been duly notified to produce the original, and not producing it) objected to the introduction of this paper in evidence, on the ground, that it did not appear that the bond had ever been acknowledged, and, consequently, that it

could not have been legally put on record. The court overruled the objection, and admitted the evidence, and the plaintiff there rested his case.

The defendant then introduced in evidence a second bond from M'Connell to Gulliver, dated subsequently to the first, the condition of which was that M'Connell should reconvey to Gulliver the same premises mentioned in the first, on certain conditions mentioned in such second bond. The defendant then contended, and requested the court to rule, that the existence and proof of this second bond to reconvey the premises, — it being of a subsequent date, and upon different conditions, — operated in such a manner upon the first, as to destroy its character as a defeasance, and thus to render the deed from the defendant to the insolvent absolute. But the court declined so to rule.

The defendant then called M'Connell as a witness, who, among other things, testified that the second bond was given to him after the issuing of the warrant in insolvency against his estate, but before the first publication of the notice thereof ; whereupon the court ruled, that the second bond was null and void, to be laid out of the case altogether, and that without such second bond the transaction was clearly a mortgage.

The evidence only tending to connect the defendant, Gulliver, with the premises, the counsel for the other defendant moved for a judgment in her favor ; but the court ruled, that the pleading of the general issue by this defendant, as well as by Gulliver, was an acknowledgment of possession, and directed the jury accordingly.*

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions. An exception was taken at the trial, by the defendants, that it was incumbent on the plaintiff to show, that the deed and defeasance were delivered at the same time, and constituted one and the same transaction ; but this exception was waived on the argument.

---

* As to this point, the counsel for the defendants relied on *Washington Bank* v. *Brown,* 2 Met. 293 ; and the counsel for the plaintiff cited *Wheelwright* v. *Freeman,* 12 Met. 154, and *Raynham* v. *Snow,* 12 Met. 157, note.

The case was argued in writing by *N. Morton*, for the defendants, and by *H. G. O. Colby*, for the plaintiff.

SHAW, C. J. This is a real action, brought by the assignee of an insolvent debtor, and the main question is one of jurisdiction, depending on the statute of 1840, *c.* 87, § 1. The question is, whether the demandant is a mortgagee and has brought an action to foreclose his mortgage, or whether he has an absolute title to the premises in question, and should have commenced his suit to recover the same originally in this court. The case affords another instance of the practical inconvenience, resulting from the provisions in regard to the original jurisdiction of the court of common pleas in actions to foreclose a mortgage, where the conveyance is by one instrument, which is in the hands of the mortgagee, and the defeasance is by another instrument, which is in the hands of the mortgagor. If the grantee claims as mortgagee, and sues in the court of common pleas, the defendant may deny the defeasance, as in the present case, and insist that the demandant should have brought his action originally in this court; on the other hand, if he sue here, the defendant may produce the defeasance, and disprove the jurisdiction. Perhaps the difficulty might be remedied by a legislative act, giving concurrent jurisdiction in such cases to both courts.

In the present case, it appears, that the plaintiff first proved the deed and his capacity to sue on it, as the assignee of the grantee. Then, in order to show that the deed had the legal character of a mortgage, and that the case was within the jurisdiction of the court of common pleas, the plaintiff offered the copy of a bond from the registry of deeds, bearing even date with the conveyance ; and it is conceded, that such bond, if properly proved, would constitute a defeasance.

It is admitted, that if the bond was rightly recorded, then, according to well established rules of law, it would be good original evidence ; being an instrument, the original of which is not in the custody of the party offering it. But it is insisted, that it cannot have this effect, because, although it was in fact recorded, it was not rightfully recorded ; inasmuch as

it was not acknowledged before a magistrate, or proved according to law. *Blood* v. *Blood*, 23 Pick. 80.

That every bond, or other instrument of defeasance, should be acknowledged, before it can be recorded, is, we think, a new proposition, never yet decided, and, as far as we know, never started since the first provision for recording defeasances was made by the statute of 1802, *c.* 33. That statute certainly contained no direction or intimation, that such an instrument should be acknowledged as a prerequisite to registration. But it is argued, that this is now required by the revised statutes. The twenty-second section of *c.* 59 directs, that no deed shall be recorded without such certificate, that is, a certificate of acknowledgment or proof; the twenty-seventh section provides, that, in order to make an absolute deed defeasible by a deed of defeasance, or by a bond or other instrument for that purpose, (with certain exceptions,) the instrument of defeasance must be recorded; and, taking both together, it is argued, that the deed, bond, or other instrument of defeasance, must be acknowledged.

It is true, that in a strict technical sense, a bond or other specialty, being an instrument under seal, is the deed of the party. But the term "deed," as used in § 22, follows a series of propositions from the beginning of the chapter, in which it is used to signify a deed of conveyance; the maker is spoken of as the grantor; the proof to be made is proof of the execution by the grantor; and the question is, then, whether the more generic sense of the term is not restrained, and whether the provisions of the statute are not limited, to those deeds, which are instruments of conveyance, transfer, or release. It is also to be remarked, that the terms in § 27, are, "deed of defeasance, or bond, or other instrument," thereby making a distinction between a "deed" and other instruments of defeasance; clearly implying that there may be other instruments of defeasance, and taking them out of the operation of the words in § 22, which, in its literal construction, only applies to and requires deeds to be acknowledged, before they can be recorded.

42 *

But as this, we think, is a new question, deeply affecting rights to real estate, we should feel unwilling to express a decided opinion upon it, in a case, to the decision of which it was not necessary, as we think it is not in the present case, which is clearly within the exceptions mentioned in § 27. By that section, recording is only necessary, when the instrument of defeasance will affect any other person than the maker of the defeasance, or his heirs, or devisees, or persons having actual notice thereof. Here the suit is in effect between the original parties; the assignee standing in the place of the insolvent, and upon his title. It was very properly admitted in the argument, that the objection was not to the validity of the bond, that is, to its force and effect as a defeasance, for want of an acknowledgment as a prerequisite to the registration, but to the use of a copy from the registry as a medium of proof.

When deeds are offered as proof of a title, that is, by parties who have occasion to prove title by deeds other than those to themselves, or those of which in theory of law they have the custody, in which cases, the originals must be produced or accounted for, such copies from the registry are used, as original evidence ; and, with reference to them, it may be well held, that they must be shown to have been acknowledged or proved, in order to be rightly recorded. But in the present case, the copy was used as secondary evidence only, after the defendant, who was the holder, and rightful keeper of the bond, had refused to produce the original. Secondary evidence being admissible, any evidence tending to prove the existence and contents of the original, might be introduced, as, for example, a rough copy; or proof of the fact and contents might be given by parol evidence. Had the register been the scrivener, and, instead of recording the bond, had kept a loose copy of it for his own satisfaction, such copy would have been good secondary evidence.

The objection, that the exemplification was but the copy of a copy, is not entitled to any weight. In this state, we think, it has always been held, that when the book of the

register would be evidence, a certified copy is entitled to have the same effect; there being very little ground to apprehend any mistake from that cause, and upon consideration of the great public inconvenience, which would result from having the books of record removed from their proper custody and place of security. We are therefore of opinion, that the copy was rightly admitted, not because the fact of being recorded gave it any superiority over other mere copies, but because the case was one in which secondary evidence was admissible; the defendant, after notice, not having produced the bond, or given any account of it, any copies were admissible as secondary evidence.

The only other point of any importance, taken by the defendant, was, that the production of the second bond, made as it was under very questionable circumstances, was itself proof, that the original bond had been cancelled and put an end to, by the agreement of the parties, with an intent to leave the original deed, from the defendant to the insolvent, to stand as an absolute conveyance, and indefeasible, within the authority of the cases of *Rice* v. *Rice,* 4 Pick. 349 ; *Rice* v. *Bird,* 4 Pick. 350, note ; and *Trull* v. *Skinner,* 17 Pick. 213. But we see no evidence, that the original bond of defeasance was cancelled, or surrendered, or that there was any intention to annul the defeasance. On the contrary, it rather proves an intention to make the conveyance stand as a security for further sums; although, perhaps, a mere comparison of the two bonds would leave it doubtful whether both were to stand, and if not, which would constitute the largest charge on the estate. The first bond, if duly proved, it is conceded, showed that the conveyance, which was absolute in its terms, was in fact a mortgage. To divest the deed of that character, it was incumbent on the defendant to prove that the defeasance had been cancelled, released, or otherwise legally vacated, and no such proof was given.

*Exceptions overruled.*